UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN THOMAS DEAN

                Plaintiff,                Case No. 1:06-cv-769

v.                                           Honorable Gordon J. Quist

STATE OF MICHIGAN,

                Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner, purports to bring this action under FED. R. CIV. P. 57 (Declaratory Judgments) and the Declaratory Judgment Act, 28 U.S.C. § 2201. The Court has granted Plaintiff leave to proceed *in forma pauperis* and Plaintiff has paid an initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.  Factual Allegations

Plaintiff is incarcerated with the Michigan Department of Corrections (MDOC) and is presently housed at the Florence Crane Correctional Facility. In September 2000, Plaintiff was sentenced to five to twenty-two and a half years' incarceration by the Midland County Circuit Court after he was convicted after a bench trial of third-degree criminal sexual conduct (CSC), MICH. COMP. LAWS § 750.520d(1)(b). (Compl., p. 5). In his *pro se* action for declaratory judgment, Plaintiff claims that in 1974 the Michigan state legislature passed the statute governing CSC in violation of the Michigan Constitution; and Plaintiff is therefore being wrongfully incarcerated pursuant to an "illegally-passed law." (Compl., p. 6).

For relief, Plaintiff requests that this Court: (1) "[o]verturn and expunge" Plaintiff's CSC charges, convictions, and sentences; (2) order the MDOC to "release" or "delete" all records pertaining to Plaintiff's CSC charges, convictions, and sentences; (3) order Defendant to pay Plaintiff $50,000 for each day of "wrongful incarceration"; and (4) order Plaintiff's immediate release from incarceration.[1] (Compl, p. 16).

I note that Plaintiff's is the eleventh complaint of its kind filed by a Florence Crane inmate convicted under the CSC statute. *See Poling v. State of Mich.,* No. 1:06-cv-941 (W.D. Mich.); *Rivera v. State of Mich.,* No. 1:06-cv-783 (W.D. Mich.); *Jenney v. State of Mich.,* No. 1:06-

---

[1] A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *See Barnes v. Lewis*, No. 93-5698, 1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993); *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997).

cv-771 (W.D. Mich.); *Trouten v. State of Mich.,* No. 1:06-cv-735 (W.D. Mich.); *Anderson v. State of Mich.,* No. 1:06-cv-714 (W.D. Mich.); *Borah v. State of Mich.,* No. 1:06-cv-651 (W.D. Mich.); *Quantrell v. State of Mich.,* No. 1:06-cv-650 (W.D. Mich.); *Friske v. State of Mich.,* No. 1:06-cv-648 (W.D. Mich.); *Swihart v. State of Mich.,* No. 1:06-cv-649 (W.D. Mich.); *Hobby v. State of Mich.,* No. 1:06-cv-617 (W.D. Mich.).

II.     Failure to State a Claim

Plaintiff seeks to invoke this Court's jurisdiction pursuant to the Fed. R. Civ. P. 57 (Declaratory Judgments) and the Declaratory Judgment Act, 28 U.S.C. § 2201. (Compl., pp. 1-2). It is well established that the Declaratory Judgment Act is not an independent source of federal jurisdiction. *Schilling v. Rogers,* 363 U.S. 666, 677 (1960); *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671-74 (1950); *Louisville & Nashville R. Co. v. Donovan*, 713 F.2d 1243, 1245 (6th Cir. 1983); *Mich. Sav. & Loan League v. Francis,* 683 F.2d 957, 960 (6th Cir. 1982). "The Act only provides courts with discretion to fashion a remedy." *Heydon v. MediaOne of Southeast Mich., Inc.,* 327 F.3d 466, 470 (6th Cir. 2003). "[B]efore invoking the Act, the court must have jurisdiction already." *Id.* Thus, a plaintiff cannot obtain declaratory relief unless this Court has jurisdiction on some other basis.

Here, Plaintiff does not allege any valid basis for the Court's jurisdiction in this case. He attempts to place this action under the auspices of the federal Declaratory Judgment Act by alleging that he is incarcerated as a direct result of the unlawful passage of the CSC statute, which gives him a "direct" and "practical" interest in declaratory relief. (Compl., pp. 1, 5, 6). This assertion, standing alone, does not confer this Court with jurisdiction over Plaintiff's claims.

Plaintiff further attempts to invoke the Court's jurisdiction under the civil rights statute at 42 U.S.C. § 1983 by asserting that the 1974 Michigan Legislature violated Art. 6, clauses 2 and 3 of the United States Constitution. (Compl., pp. 3, 6). This claim is not cognizable under § 1983 because Defendant is immune. The states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). Accordingly, Plaintiff's action against the State of Michigan should be dismissed.

## **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated: January 4, 2007              /s/ Hugh W. Brenneman, Jr.
                                    Hugh W. Brenneman, Jr.
                                    United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).