UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRIAN THOMAS DEAN,

       Plaintiff,

v.                                                 Case No. 1:06-CV-769

STATE OF MICHIGAN,                     HON. GORDON J. QUIST

       Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

       The Court has before it Plaintiff's Objection to the report and recommendation dated January 4, 2007, in which Magistrate Judge Brenneman recommended that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim. In particular, the magistrate judge concluded that Plaintiff's invocation of jurisdiction pursuant to the Declaratory Judgment Act and Fed. R. Civ. P. 57 does not allege a valid basis for this Court's jurisdiction because the Declaratory Judgment Act does not provide an independent source of federal jurisdiction. The magistrate judge further concluded that to the extent Plaintiff seeks to assert a claim pursuant to 42 U.S.C. § 1983, the claim is not cognizable because Defendant, the State of Michigan, is immune from suit under the Eleventh Amendment. Finally, the magistrate judge noted that dismissal is required to the extent that Plaintiff is challenging the fact or duration of his confinement because such an action should be brought as a petition for habeas corpus under 28 U.S.C. § 2254. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

       In objecting to the report and recommendation, Plaintiff states that the magistrate judge gave no valid reason for his recommendation of dismissal, but this is not true. The magistrate judge properly concluded that the Declaratory Judgment Act, by itself, provides no independent basis for

federal jurisdiction. Plaintiff fails to cite any relevant authority to the contrary. Moreover, Plaintiff has not identified any reason why the State of Michigan is not immune from suit in federal court pursuant to the Eleventh Amendment. Plaintiff cites *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908), which holds that suits against state officials in their official capacity for prospective injunctive relief are permissible because they are, in effect, suits against the officials in their individual capacities. Of course, *Ex Parte Young* has no application in this case because Plaintiff has not sued any state official. Moreover, Plaintiff seeks, among other things, money damages, but the holding in *Ex Parte Young* applies only to prospective non-monetary relief such as injunctions. *See Edelman v. Jordan*, 415 U.S. 651, 664, 94 S. Ct. 1347, 1356 (1974).

Finally, Plaintiff appears to argue that a court's grant of leave to proceed *in forma pauperis* by itself satisfies the requirements of the Prison Litigation Reform Act, but this is not correct, because the Court is still required to review and dismiss any prisoner that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. Therefore.

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued January 4, 2007 (docket no. 7) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim. Finally, this Court finds no good-faith basis for an appeal of this matter within 28 U.S.C. § 1915(a)(3).

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

This case is **concluded**.

Dated: February 14, 2007              /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE